# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1340
_____

Joshua Seth Brenner

*Plaintiff - Appellant*

v.

American Education Services (AES),

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 3, 2014
Filed: September 26, 2014
[Unpublished]
_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Joshua Seth Brenner appeals the district court's adverse grant of summary judgment in his action against American Education Services (AES), brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. On de novo review, this court reverses and remands for further proceedings. *See Butler v. Crittendon Cnty., Ark.*, 708 F.3d 1044, 1048-49 (8th Cir. 2013).

Brenner complained that AES violated the TCPA when it repeatedly called his cell phone number about his student loan debt, using an automatic telephone dialing system and prerecorded or artificial voice, without his consent, and continued to make such calls after he provided written notice to AES in July 2012, to stop calling him about his loan debt. The district court granted summary judgment to AES, finding that Brenner voluntarily provided his cell phone number to AES on numerous occasions, and expressly agreed to receive the type of calls made. This court agrees that Brenner gave express consent to receive calls from AES to his cell phone number by providing that number on multiple forbearance requests and he specifically authorized AES to use an automatic telephone dialing system to contact him at that number before the complained-of calls began. *See Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (prior express consent is consent to call particular telephone number in connection with particular debt that is given before call in question is placed).

The district court did not address Brenner's argument that he revoked his consent in July 2012. It is undisputed that AES continued to make calls to Brenner's cell phone after this date. Thus, if Brenner effectively revoked his consent, summary judgment was not proper. While this court has not yet addressed the issue of revocation, two other circuit courts have concluded that prior consent to call one's cell phone may be revoked under the TCPA. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014); *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270-72 (3d Cir. 2013).

The grant of summary judgment for AES is vacated and the case is remanded to the district court to consider whether Brenner's evidence supporting his contention that he revoked consent was sufficient to preclude summary judgment for AES, and for further proceedings as appropriate.

_____